CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 0 6 2006
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY LYNN COLLINS, JR., **Plaintiff,** | ) ) ) Civil Action No. 7:06-cv-00326 |
| v. | ) ) **MEMORANDUM OPINION** |
| STATE OF VIRGINIA, **Defendant.** | ) ) By: Hon. Jackson L. Kiser ) Senior United States District Judge |

Plaintiff Timothy Lynn Collins, Jr., a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Collins alleges that the Middle River Regional Jail has set excessive prices for goods purchased through the prison commissary and improperly charges inmates for personal hygiene items. Collins also complains that since his incarceration at this facility he has been supplied with inadequate shoes and food, and institutional employees have impeded his ability to complain about the aforesaid conditions. Collins seeks a reimbursement for every item he has been charged for and a reduction in his sentence. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Collins alleges that he believes that the Middle River Regional Jail ("Jail") is "price gouging" inmates by charging what he deems excessive costs for stamps, copies, and other commissary goods. He also believes that he is being improperly charged for personal hygiene items like toilet paper. Collins also claims that he has been forced to wear prison shoes with holes in the soles and receives meals with small and/or cold food portions. Finally, Collins alleges that institutional officials have failed to provide him with the necessary forms to grieve

the aforesaid conditions or file a federal civil rights complaint pursuant to § 1983.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).[1]

### A. Commissary Fees

Collins alleges that the Jail is charging excessive fees for stamps and food purchased through the prison commissary. However, inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through the prison commissary at the cheapest price possible; therefore, I find this claim must be dismissed. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."); French v. Butterworth, 614 F.2d 23, 25 (1st Cir.1980)(holding "there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost"); McCall v.Keefe Supply Co., 71 Fed.Appx. 779, 780 (10th Cir.

---

[1] As a threshold matter, the State of Virginia is not a "person" and therefore, is not proper defendants in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Collins an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

2003)(stating that an inmate's claim that prison commissary charged "outrageous" prices for goods purchased through the prison commissary failed to state a constitutional claim).

### B. Shoes and Food

Likewise, Collins's claims concerning his shoes and food must be dismissed as frivolous. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Mere allegations of insufficient food or inadequate shoes, absent any suggestion of deleterious effects, fail to state a claim under the Eighth Amendment See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993); Ashann-Ra v. Commonwealth of Virginia, et al., 112 F.Supp. 2d 559, 563 (W.D.Va. Aug. 22, 2000)(holding that absent evidence of "serious physical injury" mere allegations that institutional employees failed to provide an inmate with properly fitting shoes failed to state a claim of constitutional magnitude). Collins does not allege that he has suffered any deleterious effects as a result of the allegedly inadequate shoes or food portions he was served; thus, he has failed to present a claim of constitutional magnitude.

### C. Personal Hygiene Items

Although Collins complains about being charged for toilet paper, the court finds that the jail has a reasonable interest in defraying the costs of incarceration, which may include charging

3

inmates for personal hygiene items and other expenses incurred by the jail in housing inmates. Therefore, such allegations fail to raise a claim of constitutional magnitude. See Slade v. Hampton Road Regional Jail, 407 F.3d 243, 251-53 (4th Cir. 2005)(holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3rd Cir. 2000)(finding that charging inmates for toiletries, stamps, and extra blankets does not raise an Eighth Amendment claim). Moreover, Collins has not alleged the Jail is charging an excessive or unreasonable fee for toilet paper, nor has he alleged that the Jail refuses to provide toilet paper to those inmates who are unable to pay such fees. Accordingly, I find that Collins has failed to state a claim on which relief can be granted.

### D. Grievances and § 1983 Forms

Collins also complains that the Jail has delayed in providing the necessary forms to grieve the aforesaid issues or to file complaints pursuant to § 1983. Inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994). Accordingly, any failure to promptly provide the necessary grievance forms, respond to grievances, or to process his complaints do not raise claims of constitutional magnitude.

Additionally, to the extent Collins alleges that the Jail's failure to provide him with grievance forms or § 1983 forms interfered with First Amendment right to access to the courts, it

4

fails. To establish that his First Amendment rights have been violated an inmate must demonstrate that there was some actual harm or prejudice to his ability to communicate with the court. See Lewis v. Casey, 518 U.S. 343 (1996). As evinced by Collins filing of the instant petition, notably on a pre-printed § 1983 form and with attached, processed institutional grievances, it is clear that Collins ability to communicate with the court has not been hindered.

### III.

Based on the foregoing, I find that Collins has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 6th day of June, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge